# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8620 | **DATE** | 11/14/2001 |
| **CASE TITLE** | Terrance D. Johnson vs. Thomas R. Sumner, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Because Johnson's complaint is fundamentally flawed as a federal claim against each of the four defendants, and because its defects are not only fatal but are also incapable of being salvaged by recasting them, this Court sua sponte dismisses both the Complaint and this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 16 2001 date docketed | 2 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/15/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 1 6 2001

TERRANCE D. JOHNSON, )
#2001-0074-237, )
                                  )
              Plaintiff, )
                                  )
    v.                            )    No.   01 C 8620
                                  )
THOMAS R. SUMNER, et al., )
                                  )
              Defendants. )

MEMORANDUM OPINION AND ORDER

Terrance Johnson ("Johnson"), who is in custody at Cook County Jail awaiting trial on charges of first degree murder and unlawful use of a weapon, has filed a fee-paid "Emergence [sic] Complaint for Injunctive Relief" against four defendants: Judge Thomas Sumner, State's Attorney Richard Devine ("Devine"), Circuit Court Clerk Dorothy Brown ("Brown") and private attorney Peter Vilkelis ("Vilkelis"). Because Johnson's Complaint is fundamentally flawed as a federal claim against each of the four defendants, and because its defects are not only fatal but are also incapable of being salvaged by recasting them, this Court sua sponte dismisses both the Complaint and this action.

Even though Johnson specifies that he seeks only injunctive relief and not damages, the possibility that he might choose to amend his Complaint to invoke 42 U.S.C. §1983 ("Section 1983")[1]

---

[1] Section 1983 represents Johnson's only potential ticket of entry to the federal courts--diversity of citizenship is clearly lacking.



for money relief necessitates a look at that possibility--else dismissal of this action would be inappropriate. This opinion will first examine that potential alternative, then will return to the form of relief now sought by Johnson.

As for Judge Sumner, Johnson's asserted grievance charges him with judicial misconduct.[2] But absolute judicial immunity would insulate Judges Sumner against any such claim for damages (see, e.g., Mireles v. Waco, 502 U.S. 9 (1991)(per curiam), one of a line of cases that mark out the boundaries of judicial immunity).

State's Attorney Devine is similarly charged with purported improprieties in having brought felony charges against Johnson. Again absolute immunity from damage actions attaches to such prosecutorial activity (see, e.g., Imbler v. Pachtman, 424 U.S. 409 (1976) and Burns v. Reed, 500 U.S. 478 (1991)).

Clerk of Court Brown is charged by Johnson with nothing more than keeping the public records in his court proceedings. Nothing about that specified activity even remotely approaches any violation of Johnson's constitutional rights so as to implicate Section 1983 for any purpose (either damages or injunctive relief), and no other predicate for federal

---

[2] This opinion accepts Johnson's allegations solely for purposes of demonstrating that even if true they do not provide him with access to this federal court. Needless to say, this Court makes no findings that credit Johnson's allegations.

2

jurisdiction exists. Hence Johnson's claim against Brown is dismissed for lack of subject matter jurisdiction.

Vilkelis is Johnson's privately retained attorney. As such he does not act "under color of state law" within the meaning of Section 1983 (Polk County v. Dodson, 454 U.S. 312, 318-19 & n.7 (1981) and cases cited there). Hence subject matter jurisdiction over him is lacking, and he too is dismissed out on that basis.

With the potential byway of a damage recovery thus blocked as to all four defendants, this opinion turns to examining the issue of injunctive relief against Judge Sumner or State's Attorney Devine or both, for the cloak of absolute immunity does not embrace a properly filed action seeking such relief (see, e.g., Pulliam v. Allen, 466 U.S. 522 (1984)). But on that score Johnson immediately runs afoul of the doctrine of Younger v. Harris, 401 U.S. 37 (1971) and its almost innumerable progeny, which among other things bar all federal injunctive relief once a state criminal proceeding has been initiated (see also, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)).

As stated at the outset, then, Johnson has entered the federal courthouse door only to demonstrate without question that he must exit immediately. Both the Complaint and this action are dismissed.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: November 14, 2001